UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DAVID RUSSELL TRAYNOR | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-cv-800-K |
| | § | |
| CHASE HOME FINANCE, L.L.C., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Chase Home Finance L.L.C.'s ("Chase") Motion for Summary Judgment (Doc. No. 27). The Court has considered Chase's Motion, the parties briefing, the evidence submitted by the parties and the applicable law. The Court finds that Chase has proven its statute of frauds defense as a matter of law, and that Traynor's fraud claim fails as a matter of law. The Court hereby **GRANTS** Chase's Motion for Summary Judgment (Doc. No. 27). Judgment will be entered by separate order. *See* Fed. R. Civ. P. 58.

I.    Factual Background

In 2004, Plaintiff David Russell Traynor ("Traynor") obtained a home equity loan from BNC Mortgage, Inc. for the amount of $120,000.00. Traynor signed a promissory note and executed a security instrument securing the home equity loan

1

with his home at 2524 Fieldale Dr., in Farmers Branch, Dallas County, Texas. The home equity loan, promissory note and security instrument are collectively referred to herein as the "Loan Agreement."

The Loan Agreement was later assigned to Chase. In 2008, Traynor contacted Chase in an effort to modify the loan. When Traynor first contacted Chase, he was one mortgage payment behind on his payments. At that time Chase customer services agents told him they could not provide a loan modification because Traynor was not 90 days or more in arrears on his mortgage payments. Traynor alleges that Chase customer service agents effectively encouraged him to become 90 days delinquent on his loan payments.

Traynor let himself fall 90 days behind on his mortgage payments so that he could apply for a loan modification program. Traynor repeatedly applied for loan modification programs. Chase denied his application for loan modification on the basis that his income exceeded the Making Home Affordable guidelines. After Traynor was unable to qualify for a loan modification, Chase demanded reinstatement in full in a single payment, which Traynor has been unable to meet. Traynor has remained in default of the Loan Agreement at all times from February 1, 2008 to the present. Traynor continues to live in the home which secures the debt related to the Loan Agreement and is currently $45,998.84 delinquent. Traynor brought this lawsuit, asserting claims for fraud, breach of contract and declaratory judgment.

## II. Chase's Summary Judgment Motion

Chase filed this Motion for Summary Judgment (Doc. No. 28). Chase argues, among other arguments, that: (1) Traynor's claims for breach of contract are barred by the statute of frauds; (2) Traynor's claims for fraud fail as a matter of law because fraud cannot be used to enforce an alleged oral promise to modify a contract barred by the statute of frauds and Chase's alleged factual represenations, even if true, are not false; and (3) Traynor's claim for declaratory judgment must fail because the only bases for it are the same claims for fraud and breach of contract which fail as a matter of law.

### A. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc..,* 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

### B. Breach of Contract Claim

Traynor alleges that Chase orally promised, implied, or both promised and implied that Chase would modify Traynor's loan and subsequently breached the oral promise to modify when it accelerated Traynor's loan with the intention of initiating foreclosure. Chase argues that Traynor's breach of contract claim fails because, even if such an oral promise was made, the oral modification of the Loan Agreement is unenforceable due to the statute of frauds.

In this diversity case, the applicable statute of frauds is found in the Texas Business and Commerce Code. Under Texas law, a Loan Agreement in which the amount involved in the Loan Agreement exceeds $50,000 in value is not enforceable

4

unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. Tex. Bus. & Com. Code § 26.02(b) (West 2009). There is no dispute between the parties that the Loan Agreement in this case is a loan agreement within the meaning of the statute. The amount involved in this case is $120,000, which exceeds the $50,000 threshold. The original Loan Agreement is, therefore, subject to the Texas statute of frauds. Any contract subject to the statue of frauds that is not in writing is unenforceable under Texas law. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

To prove its statute of frauds defense as a matter of law, the statute of frauds must also apply to the subsequent oral modification as well as the original Loan Agreement. Any promise, undertaking, commitment, or agreement where a financial institution loans, delays repayment, agrees to loan or delays repayment or otherwise makes a financial accommodation to which the amount in question exceeds $50,000 must be in writing. Tex. Bus. & Com. Code § 26.02(a)(2) (West 2009). When a modification encompasses or relates to a matter that must be in writing, the modification is unenforceable unless it is also in writing. *Deuley v. Chase Home Finance, LLC*, Civil Action No. H-05-04253, 2006 WL 1155230 (April 26, 2006 S.D. Tex.) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). Any loan modification or government assistance is also required to be in writing because any agreement to forego or delay foreclosure is included under the definition of loan agreement in Section 26.02(a)(2) of the Texas Business and Commerce Code.

*Burnette v. Wells Fargo Bank, N.A.* No. 4:09-CV-370, at *4, 2010 WL 1026968 (Feb. 16, 2010 E.D. Tex.); *Krudop v. Bridge City State Bank*, No. 09-05-111-CV, 2006 WL 3627078 at *4 (Tex. App.—Beaumont Dec. 14, 2006). Any modification of Traynor's Loan Agreement is subject to the statute of frauds. The Defendant has conclusively shown that the promises in this case, if made, are not in writing. Accordingly, they are unenforceable due to the statute of frauds. The Court finds that Chase has established its statute of frauds defense to Traynor's breach of contract claim as a matter of law.

    C.    **Traynor's Fraud Cause of Action**

Traynor also alleges that Chase's oral promises to modify Traynor's loan give rise to a fraud cause of action. Chase argues that Traynor's fraud claim fails as a matter of law because: (1) application of the statute of frauds bars a fraud claim on the same promises; (2) there is no evidence that any factual represenatations made by Chase were false; and (3) there is no evidence that Chase knew of Traynor's ignorance and had a duty to disclose, which is a prerequisite for fraud based on an omission.

    1. **Application of the Statute of Frauds to Fraud Claims.**

Under Texas law, application of the statute of frauds bars a fraud claim to the extent that the plaintiff seeks to recover as damages the benefit of a bargain that the cannot otherwise be enforced because it fails the comply with the statute of frauds. *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001). Application of the statute of

frauds to a contract vitiates a fraud claim based on the same facts. *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App.—Houston [14th Dist.] 1994). When an oral agreement is rendered unenforceable by the statute of frauds, a plaintiff cannot sustain an action for fraud by merely alleging that the defendant made an oral promise without the intention of performing it. *McClure v. Duggan*, 675 F. Supp. 211, 221 (N.D. Tex. 1987).

The Court has already determined that Chase's oral promises, if made, are unenforceable due to the statute of frauds. In his argument supporting his fraud cause of action, Traynor alleges generally that Chase made misrepresentations, reckless statements, false promises, and omissions intended to induce Traynor to take action detrimental to him. To the extent that Traynor's fraud case rests on Chase's promises to modify his Loan Agreement, Traynor's fraud cause of action fails as a matter of law. Traynor cannot recast his breach of contract claims which fail due to the statute of frauds into a fraud claim.

### 2. Traynor Presents No Evidence that Chase's Factual Representations Were False.

Although most of Traynor's allegations revolve around Chase's promises to modify his Loan Agreement, Traynor makes several factual allegations. If the alleged fraudulent representations were purely promissory, a tort claim is barred by the statute of frauds; if the representations were *factual*, however, the plaintiff may seek recovery under a tort theory. *McClure*, 674 F. Supp. at 221 (emphasis in original). Traynor's allegations of affirmative representations that are not barred by the statute

7

fraud are: (1) that Chase agents could not help him with a loan modification unless he was 90 days in arrears on his mortgage payments, and; (2) that Chase agents represented to Traynor that he needed to be 90 days delinquent to take advantage of the available government subsidized programs.

First, Chase alleges that there is no evidence that Chase represented to Traynor that he needed to be 90 days delinquent to qualify for a Chase modification program. Chase cites Traynor's deposition where Traynor admitted that Chase considered him for and denied him a "typical" Chase modification and only then explained there were options available "due to the federal TARP bailout" only to borrowers 90 days delinquent. According to Traynor's own deposition, the discussion of 90 days delinquency did not occur until after Chase had considered him for and denied him the Chase modification program.

Once a movant identifies an essential element of a claim, on which the nonmovant has the burden of proof, which it believes demonstrates an absence of a genuine issue of material fact, the burden shifts to the nonmovant to create a genuine issue of material fact. *Anderson*, 477 U.S. at 255-57. The only summary judgment evidenced offered by Traynor related to this claim is Traynor's own summary judgment affidavit.

A self-serving affidavit, without more evidence, will not defeat summary judgment. *Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 438 Fed. Appx. 343, 346–47 (5th Cir. 2011). Additionally, even viewing a nonmovant's self-serving

affidavit in the light most favorable to him, a nonmovant cannot defeat summary judgment if the affidavit impeaches, without explanation, the affiant's prior sworn testimony. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996).

According to Traynor's sworn deposition testimony, Chase's representations that he needed to be 90 days delinquent occurred after Chase had considered him for and denied him a Chase modification program. Traynor's summary judgment affidavit claims that one of the false representations of fact is that Traynor needed to be 90 days delinquent for any loan modification program. Traynor does not explain the contradiction between his deposition testimony and his affidavit. This misrepresentation will not defeat summary judgment on Traynor's fraud claim because the affidavit impeaches his prior sworn testimony, which establishes that the 90-day representation could not have been in reference to a chase loan modification program.

Second, Traynor claims Chase falsely represented that he needed to be 90 days delinquent to be eligible for government backed TARP loan modification programs. Chase argues this representation cannot support a fraud claim because the representation is not false.

To support a fraud cause of action, a plaintiff must present evidence that the representation made by the defendant was false. *Patterson v. McMickle*, 191 S.W.3d 819, 827 (Tex. App.—Fort Worth, 2006). Traynor has presented no evidence that federal loan modification programs available at that time were available to borrowers

9

other than those 90 days delinquent. Because there is no evidence to support that this representation was false, Traynor's affidavit, establishing this representation is not sufficient evidence to defeat summary judgment on his fraud claim.

In addition, there is no evidence that Traynor relied on any such representation to his detriment, even if false, because by the time TARP backed programs were available, Traynor was already 90 days delinquent. A lack of evidence showing that Traynor relied on this representation to his detriment also precludes Traynor from relying on this representation to defeat summary judgment on his fraud claim. *See Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

### 3. Traynor's New Allegations of Fraudulent Omissions

For the first time in Traynor's Opposition to Chase's Motion for Summary Judgment, Traynor alleges that Chase defrauded him by failing to disclose that: (1) falling behind 90 days is a "serious breach" of the promissory note; (2) falling behind 90 days could result in late fees and attorney's fees; (3) Chase would advance money against Plaintiff's escrow account by paying his property taxes and insurance; (4) Chase would increase Plaintiff's monthly mortgage payments to pay itself back these escrow advances; and (5) reporting Plaintiff's delinquency to the credit agencies would cause harm to his credit history.

Fraud by nondisclosure requires evidence that the defendant knew the plaintiff was ignorant of the non-disclosed facts and had a duty to disclose those facts. *Bittick v. JPMorgan Chase Bank, NA*, 4:11-CV-812-O, 2011 WL 4715173 (N.D. Tex. Sept.

22, 2011) (citing *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App—Houston [14th Dist] 2010)). A borrower who signs a loan agreement is charged as a matter of law with knowledge of its terms. *Texas Esp. Dev. Corp. v. Schleder*, 519 S.W.2d 134, 139 (Tex. Civ. App.—Dallas 1974). The first four of Traynor's claims are included in the Loan Agreement, and thus Traynor is charged with knowledge of those claims, defeating a claim of fraud by nondisclosure. As to his fifth claim, Traynor offers no evidence that Chase was aware that Traynor was ignorant of the fact that reporting negative credit events on a person's credit report harms that person's credit history. None of Traynor's new claims of fraud by nondisclosure defeat summary judgment on Traynor's fraud claim, even if considered by the Court.

   D.   **Traynor's Claim for Declaratory Relief**

Traynor asserts a claim for a declaratory judgment over the rights and obligations of the parties in the subject Loan Agreement. Specifically, Traynor seeks a declaration from the Court that Chase improperly: (1) declared a default on Traynor's loan; (2) accelerated such loan; and (3) sough foreclosure on that loan. Chase argues that Traynor's claim for declaratory relief fails as a matter of law because the substantive legal theories under which Traynor would be entitled to a declaration, fraud or breach of contract, are not viable.

11

### 1. There is No Case or Controversy Between Traynor and Chase.

A declaratory judgment action is procedural and not substantive in nature. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir.1984). While enlarging the range of remedies available in federal court, the Declaratory Judgment Act does not extend federal courts' jurisdiction. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170–71 (5th Cir. 1990). Consequently, declaratory relief is remedial only and does not independently establish a party's cause of action. *Id.* at 170 (citing *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

For the Court to issue a declaratory judgment, there must be a "substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir. 1976) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). A party's legal interest must relate to an actual "claim arising under federal law that another asserts against him." *Collin County, Tex.*, 915. F.2d at 171 (citing *Lowe*, 723 F.2d at 1179). It is the underlying cause of action that is actually litigated in a declaratory judgment action. *Collin County, Tex.*, 915. F.2d at 171. Even if a valid case or controversy exists in the declaratory action, the district court still has broad discretion in

determining whether to exercise jurisdiction. *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).

Traynor argues that there is a controversy as to the parties' rights and obligations under the Loan Agreement. A party's rights and obligations under a loan agreement are "determined solely from the written loan agreement." *Grevious v. Flagstar Bank, FSB*, CIV.A. H-11-246, 2012 WL 1900564, at *5 (S.D. Tex. May 24, 2012). Any dispute regarding the interpretation of those rights and obligations sounds in contract. *See id.*

As this Court previously determined, Traynor's claims for breach of contract fail as a matter of law because they are barred by the statute of frauds. Traynor's fraud claim also fails as a matter of law because, in Texas, a fraud claim cannot be used to circumvent the statute of frauds. Traynor has no viable, legal remedy for his dispute over the rights and obligations in the Loan Agreement. Where there is no legal recourse available for the underlying dispute between the parties, then declaratory relief is inappropriate and should be denied. *See MedImmune, Inc.*, 549 U.S. at 138 ("The Declaratory Judgment Act did not . . . relax Article III's command that an actual case or controversy exist before federal courts may adjudicate a question.").

A recent district court opinion from the Fifth Circuit is instructive. In *Singha*, the plaintiffs alleged several theories of liability for the defendant's foreclosure of their home and also requested declaratory relief. *Singha v. BAC Home Loans Servicing*,

*LP*, 4:10-CV-692, 2012 WL 3904345, at *2 (E.D. Tex. Aug. 7, 2012) *report and recommendation adopted,* 4:10CV692, 2012 WL 3904063 (E.D. Tex. Sept. 7, 2012). The district court granted summary judgment to the defendant on all of the plaintiffs' claims. *Id.* at 4-8. The court then granted summary judgment to the defendant on the plaintiffs' request for declaratory relief because there was no longer any controversy between the parties that would permit such relief. *Id.* at 8.

Similarly, the Court has determined Chase is entitled to summary judgment on all of Traynor's substantive theories of liability. Because Traynor has no substantive claim as a matter of law, there is no "case or controversy" between the parties that would procedurally entitle Traynor to declaratory relief. The Court finds that declaratory relief is inappropriate in this case, and summary judgment should be granted in Chase's favor. *See Stanley v. Walmart Stores, Inc.*, 839 F. Supp. 430, 435 (N.D. Tex. 1993) (granting summary judgment to dismiss a declaratory judgment action when there was no justiciable controversy between the parties).

## III. Conclusion

Chase has established its statute of frauds defense to Traynor's breach of contract claims as a matter of law. Traynor's fraud claims fail to raise a genuine issue of material fact, and thus, fail as a matter of law. Because no genuine issue of material fact exists as to any of Traynor's substantive theories of recovery, summary

14

judgment is appropriate on Traynor's claim for declaratory relief. Chase's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

Signed on February 27th, 2013

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE